UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYBORN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>PEREZ, *et al.*<br><br>Defendants. | No. 1:25-cv-0684-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDATING THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 9) |

## I. INTRODUCTION

Plaintiff Clayborn Washington is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 5, 2025. (ECF No. 1). Plaintiff appears to assert a myriad of claims including conspiracy, cruel and unusual punishment in violation of the Eighth Amendment, emotional abuse and mental anguish, excessive confinement, negligence, gross corruption, and violation of the equal protection clause related to criminal proceedings against him.

The Court screened Plaintiff's complaint on July 10, 2026, finding that his complaint failed to state any cognizable claims. (ECF No. 9 at 1). Specifically, the Court stated Plaintiff's complaint failed to comply with Federal Rules of Civil Procedure 8, asserted claims against prosecutor defendants, and some of his claims were barred under *Heck v. Humphrey.* (*Id.* at 4-6). The Court gave Plaintiff thirty days to file an amended complaint or notify the Court that he wanted to stand on his complaint. (*Id.* at 2). Additionally, the Court warned Plaintiff that, if he chose to stand on his complaint, the Court would issue findings and recommendations to the

district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons set forth in this order. The Court also warned Plaintiff that if he failed to file anything, the Court would recommend that the case be dismissed. (*Id.* at 2).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## II. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint on June 5, 2025 (ECF No. 1). Plaintiff's complaint lists numerous causes of action, including violations of 42 U.S.C. § 1983 for equal protection, the Eighth Amendment, conspiracy, state law claims, and mental anguish and emotional distress. Plaintiff's complaint asserts these claims against Doctor Perez and the District Attorney, along with an unknown number of defendants.

Plaintiff's complaint begins as follows:

> The elements necessary for this action are as follows: 1. A conspiracy by the Defendant Individuals to corrupt and sully the constitution of the United States. 2. With the purpose of depriving a class of citizens equal protection of the law. 3. With a purposeful intent to discriminate, i.e. there is a class based invidiously discriminatory animus behind the conspirator's actions, causing 4. Emotional injury to the Plaintiff and a deprivation of his rights and privileges as a citizen of the United States resulting from ongoing and continuous "EVIL" actions by the Defendant Individuals in the Defendant Individuals for erroneously enacting and upholding a law that infringes on the Civil and Constitutional. Rights of the Plaintiff as well as violates his 4th, 5th and 14th Amendments. The Defendant Individuals who caused Plaintiff to be unconstitutionally committed are not entitled to absolute or qualified immunity from liability for damages and tlie Defendant Individuals are not shielded from damages liability on grounds that enacting and upholding an unconstitutional law is so lacking in indicia of probable cause as to render the Defendant Individuals belief in their act unreasonable and causing them to lose the shield of immunity making them liable for damages.

(ECF No. 1 at 1-2). Plaintiff's complaint then alleges "Defendant Individuals entered into a criminal conspiracy in order, under color of Federal and State law, to commit a broad base of intellectual and ethical crimes, including, but not limited to, a conspiracy to create a civil rights violation of the constitution." (*Id.* at 2). Plaintiff appears to allege this conspiracy was enacted to civilly commit him as a sexually violent predator, which Plaintiff further argues was excess. (*Id.* at 3).

For damages, Plaintiff seeks "retroactive damages of $1,500.00 a day from each Defendant Individual for emotional abuse, mental anguish, gross negligence and cruel and unusual punishment, retroactive punitive damages of $50,000.00 a year, retroactive damages of $1,000,000.00 a year for suffering with depression retroactive damages of $1,000,000.00 a year for negligent actions by Defendant Individuals. (ECF No. 1 at 9).

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### a. No Short and Plain Statement

Plaintiff's complaint is subject to dismissal under Rule 8 of the Federal Rule of Civil Procedure because it does not contain a short and plain statement of any claim.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his

rights. *Iqbal*, 556 U.S. at 676-77.

Additionally, complaints that are needlessly long, highly repetitious, or conclusory violate Rule 8 and may be dismissed. *Gibson v. City of Portland,* 165 F.4th 1265, 1289 (9th Cir. 2026) ("district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"); *Cafasso v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (*citing McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory")).

Finally, a complaint should not be pled in a "shotgun" manner, which occurs when

> [A] party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.

5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024). There are four main types of shotgun pleadings:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint;
>
> (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and
>
> (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

35A C.J.S. *Fed. Civ. Proc.* § 310 (2025); *see also* 61A Am. Jur. 2d *Pleading* § 159 (2025) (discussing the "four rough types or categories of shotgun pleadings"). The Ninth Circuit has recently explained that "district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to

imagine the claims that might fit the facts." *Gibson,* 165 F.4th at 1289.

Plaintiff's complaint is pled in a manner that is considered a "shotgun pleading," which fails to set forth a plain statement of his claims as required by Rule 8.

The complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Gibson*, 165 F.4th at 1288. Plaintiff lists numerous causes of action, but Plaintiff does not specify what each defendant did or failed to do to violate his rights; rather, he relies on vague statements while naming only "Defendant Individuals."

Additionally, Plaintiff's entire complaint is replete with conclusory statements and is entirely argumentative in nature. Plaintiff alleges various immaterial facts that are not connected with any causes of action. For example, Plaintiff claims "The Defendant Individuals have breached their fiduciary duty in that, (they hold in trust the rights of the constitution for the citizens of the United States), in a manner displaying oppression, fraud, and malice within their individual meaning," yet provides no basis for this claim or any explanation as to how the specific actions of defendants support such claims.

In short, Plaintiff's complaint fails to contain a short and plain statement of Plaintiff's claims. Plaintiff does not specifically describe what each defendant did or failed to do that supports each of Plaintiff's claims.

Plaintiff's complaint is thus subject to dismissal for failing to comply with Rule 8's requirement of a short and plain statement of Plaintiff's claims.

**b. Prosecutor Defendants**

Plaintiff's complaint is also subject to dismissal to the extent it seeks to assert claims against the prosecutor of a criminal case for damages based on the prosecutor's role in court proceedings.

As the Ninth Circuit has explained, judges and prosecutors are immune from civil claims based on their participation in court proceedings:

> Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities. *Stump v. Sparkman,* 435 U.S. 349, 364, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (holding that state circuit judge is immune from suit for all

> actions within his jurisdiction); *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (holding that state prosecutor had absolute immunity for initiation and pursuit of criminal prosecutions, including presentation of case at trial). This immunity reflects the long-standing "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher,* 13 Wall. 335, 347, 20 L.Ed. 646 (1871).
>
> Recognizing these considerations, courts have extended the protections of absolute immunity to qualifying state officials sued under 42 U.S.C. § 1983. *Miller v. Gammie,* 335 F.3d 889, 895-96 (9th Cir.2003) (explaining that though § 1983 does not include a defense of immunity, "the Supreme Court has recognized that when Congress enacted § 1983, it was aware of a well-established and well-understood common-law tradition that extended absolute immunity to individuals performing functions necessary to the judicial process" (citing *Forrester v. White,* 484 U.S. 219, 225–26 (1988) (superseded by statute))); *Buckley v. Fitzsimmons,* 509 U.S. 259, 268–69, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Indeed, judicial immunity from § 1983 suits is "viewed as necessary to protect the judicial process." *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Likewise, the protections of absolute immunity accorded prosecutors reflect the "'concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.'" *Id.* (quoting *Imbler,* 424 U.S. at 423, 96 S.Ct. 984).

*Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922-923 (9th Cir. 2004); *see also Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("A state prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities intimately associated with the judicial phase of the criminal process.") (citation and internal quotation marks omitted).

Plaintiff's complaint asserts claims against defendant District Attorney based on the District Attorney's role as the prosecutor of Plaintiff's criminal case. For example, Plaintiff alleges that the District Attorney is liable for "upholding a criminally illegal law that violates the rights of a class of citizens…" and that Defendant District Attorney excessively confined Plaintiff in violation of his constitutional rights. (ECF No. 1 at 3-4).

However, Prosecutor Defendants are entitled to absolute immunity from such claims. *Stump,* 435 U.S. at 364; *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) ("Where a prosecutor acts as an advocate in initiating a prosecution and in presenting the state's case,

absolute immunity applies.”).

**c. *Heck v. Humphrey***

Plaintiff’s complaint also appears to seek damages based on claims that would necessarily invalidate his state criminal conviction.

In *Heck v. Humphrey*, the Supreme Court held that a state prisoner cannot use §1983 to seek damages attributable to his allegedly unconstitutional conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court reasoned that such a suit in truth mounts a “collateral attack” on the validity of the conviction and thus intrudes on the habeas statute’s domain. *Id.* at 485. Hence the so-called *Heck* bar on “§1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.” *Id*. at 486. “[W]hen a state prisoner seeks damages in a §1983 suit,” the Court went on, “the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.” *Id*. at 487.

Under the favorable termination rule, to recover damages in a § 1983 action for an alleged constitutional violation that would necessarily imply that a criminal conviction or sentence is invalid, a plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. If the criminal conviction or sentence has not been reversed, expunged, or otherwise invalidated, claims that would necessarily imply the invalidity of the criminal conviction or sentence must be brought in a petition for writ of habeas corpus rather than through a § 1983 case. *See id; Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

Although it is not clear, Plaintiff’s complaint appears to bring claims based on his previous criminal conviction or a related order of his civil commitment in a state criminal case. However, Plaintiff’s claim(s) are subject to the *Heck* bar to the extent success on those claims would necessarily imply that Plaintiff’s conviction was invalid. Plaintiff cannot challenge a state conviction or civil commitment in this manner and must instead appeal any conviction and resulting commitment through the direct appellate process.

Accordingly, to the extent that Plaintiff seeks to challenge his state criminal conviction through this civil rights case, it is subject to dismissal based on the *Heck* doctrine.

## V. FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER

The Court will also recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.)* (citations omitted). Plaintiff has failed to respond to the Court's screening order. The failure to respond delays the case and interferes with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.)* (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little

use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.*)

After weighing the factors, the Court finds that dismissal is appropriate.

## VI. CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, it is **RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 25, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE